HOWARD COOPER, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Appellants.

*Damages from the operation of an elevated railroad — the property must abut — judicial notice of the size of lots in New York city.*

Ordinarily, the fact that premises do not abut upon an elevated railroad would bar the recovery by the owner thereof from the elevated railroad company of the fee damages sustained by such property by reason of the construction and operation of such road.

In an action brought to recover damages sustained by the owner of real estate by reason of the construction and operation of an elevated railroad, the court may take judicial notice of the fact that lots in the city of New York are ordinarily at least seventy-five to one hundred feet in depth, and that the buildings on corner lots frequently cover the whole lot in the business portion of such city.

APPEAL by the defendants, The Manhattan Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of July, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*Julien T. Davies* and *Arthur O. Townsend*, for the appellants.

*Leo C. Dessar* and *E. M. Felt*, for the respondent.

HUN — VOL. LXXXV.      28

PER CURIAM:

The premises in question are situated on the northeasterly corner of the Bowery and Houston street. There is an elevated railroad station there, the stairs going down into Houston street. The premises for which damages were given were known as No. 281 Bowery and Nos. 92, 94 and 96 East Houston street. No. 281 Bowery was a three-story frame building, with a brick front, twenty-two feet on the Bowery and thirty-two feet on the street. Nos. 92, 94 and 96 East Houston street were two-story brick stores, twenty-two feet deep by about thirteen and one-half feet front. No rental damage was allowed, but fee damage to the amount of $5,000 was given.

The only question necessary to be considered is the point made that Nos. 92, 94 and 96 East Houston street did not abut upon the elevated railroad, and, therefore, no damages could be awarded as to them. Under ordinary circumstances, of course, this would be a bar to recovery. But the improvements upon the lot in question are entirely different from those which would be suitable for the value of the lot; and when the lot comes to be improved, undoubtedly a single building will be erected covering the whole of the premises in question and fronting on the Bowery. The court may take judicial notice of the fact that lots in the city of New York are ordinarily at least seventy-five to one hundred feet in depth, the buildings on corner lots frequently covering the whole lot in the business portion of the city. And although these premises may be divided in the manner stated, for the purpose of occupancy, yet in reality the buildings are upon the single lot fronting upon the Bowery. It would seem, therefore, that, in determining the question as to whether it had sustained fee damage, it should be treated as a single lot.

While an examination of the testimony, showing, as it does, a large increase in value of the premises in question, might have led us to the conclusion, if the question of damages had originally been presented to us, that the plaintiff had not shown himself entitled to any damage, we think that, in determining the question as to whether the case shows that any damage has been sustained, we should bear in mind that the court below had the witnesses before it and heard their testimony, and was better able to judge of the weight of such testimony than we who have simply the printed record before us.

It seems to us, however, that the award which has been made is higher than any of the evidence justifies, and should be reduced to the sum of $2,500.

If the plaintiff stipulates to reduce the damages to the sum of $2,500, the judgment appealed from as so reduced should be affirmed, without costs. If such stipulation is not given, the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

On plaintiff stipulating to reduce damages to $2,500, judgment as so reduced affirmed, without costs. In default of such stipulation, judgment reversed, new trial ordered, with costs to appellants to abide event.